## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| **CENTOCOR, INC. and**<br>**NEW YORK UNIVERSITY,** )<br>)<br>) | |
| **Plaintiffs,** )<br>) | **CIVIL ACTION NO. 2:07CV139** |
| **v.** )<br>) | **JURY TRIAL DEMANDED** |
| **ABBOTT LABORATORIES,** )<br>) | |
| **Defendant.** )<br>) | |

### PLAINTIFFS' REPLY TO DEFENDANT'S COUNTERCLAIMS

Plaintiffs, Centocor, Inc. ("Centocor") and New York University ("NYU"), hereby reply to the Counterclaims set forth in Defendant Abbott Laboratories' ("Abbott") Answer and Counterclaims in accordance with the numbered paragraphs thereof as follows:

### PARTIES

1.      Centocor and NYU admit the allegations set forth in paragraph 1 of the Counterclaims.

2.      Centocor and NYU admit the allegations set forth in paragraph 2 of the Counterclaims.

3.      Centocor and NYU admit the allegations set forth in paragraph 3 of the Counterclaims.

## JURISDICTION AND VENUE

4.      Centocor and NYU admit that the Counterclaims purport to set forth claims arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, but deny that Abbott has any such cause of action in fact or law.

5.      Centocor and NYU admit that this Court would have subject matter jurisdiction over counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a) and Title 35 of the United States Code, but deny that Abbott's counterclaims are true and/or sufficient.

6.      Centocor and NYU admit that they have asserted U.S. Patent No. 7,070,775 ("the 775 patent") against Abbott such that an actual case or controversy exists with respect to those claims.

## BACKGROUND

7.      Centocor and NYU admit the allegations set forth in paragraph 7 of the Counterclaims.

8.      Centocor and NYU are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Counterclaims.

9.      Centocor and NYU admit that Abbott has marketed and sold adalimumab in the United States, under the trade name Humira®, for the treatment of rheumatoid arthritis, psoriatic arthritis, ankylosing spondylitis, and Crohn's disease; but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9 of the Counterclaims.

10.     Centocor and NYU admit that they filed an application that issued as the 775 patent on July 18, 2002, but deny that this is "the" application that led to the issuance of the 775

patent to the extent that this statement may be construed as suggesting that priority for the 775 patent should somehow be limited to this filing date.

11.     Centocor and NYU admit the allegations set forth in paragraph 11 of the Counterclaims.

## FIRST COUNTERCLAIM

12.     Centocor and NYU reassert and incorporate their answers to paragraphs 1 through 11.

13.     Paragraph 13 of the Counterclaims contains conclusions of law to which no response is required.  To the extent that a response is deemed required, Centocor and NYU deny the allegations contained in paragraph 13 of the Counterclaims.

14.     Paragraph 14 of the Counterclaims contains conclusions of law to which no response is required.  To the extent that a response is deemed required, Centocor and NYU deny the allegations contained in paragraph 14 of the Counterclaims.

## SECOND COUNTERCLAIM

15.     Centocor and NYU reassert and incorporate their answers to paragraphs 1 through 14.

16.     Paragraph 16 of the Counterclaims contains conclusions of law to which no response is required.  To the extent that a response is deemed required, Centocor and NYU deny the allegations contained in paragraph 16 of the Counterclaims.

17.     Paragraph 17 of the Counterclaims contains conclusions of law to which no response is required.  To the extent that a response is deemed required, Centocor and NYU deny the allegations contained in paragraph 17 of the Counterclaims.

## THIRD COUNTERCLAIM

18.     Centocor and NYU reassert and incorporate their answers to paragraphs 1 through 17.

19.     Paragraph 19 of the Counterclaims contains conclusions of law to which no response is required.  To the extent that a response is deemed required, Centocor and NYU deny the allegations contained in paragraph 19 of the Counterclaims.

20.     Paragraph 20 of the Counterclaims contains conclusions of law to which no response is required.  To the extent that a response is deemed required, Centocor and NYU deny the allegations contained in paragraph 20 of the Counterclaims

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

21.     Abbott fails to state a claim against Centocor or NYU upon which relief may be granted.

### SECOND DEFENSE

22.     To the extent Abbott's Third Counterclaim is one premised on averments of fraud or mistake, Abbott has failed to plead the Counterclaim with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, Centocor and NYU respectfully demand the following relief:

(a)     a judgment in favor of Centocor and NYU against Abbott on Plaintiffs' Complaint, and an award to Centocor and NYU the relief sought in their Complaint;

(b)     a dismissal with prejudice of Abbott's Counterclaims and denial of each request for relief against Centocor and NYU;

(c)   a judgment that this is an exceptional case and that Centocor and NYU be awarded costs, expenses, and reasonable attorney fees pursuant to 35 U.S.C. § 285; and

(d)   an award of such other and further relief as the Court may deem just and proper.

Dated:  July 16, 2007

Respectfully submitted,

/s/ Eve L. Henson
**EVE L. HENSON**
**(Of Counsel)**
Texas State Bar No. 00791462
ehenson@swtrial.com
**RICHARD A. SAYLES**
**(Of Counsel)**
Texas State Bar No. 17697500
dsayles@swtriallaw.com
**JOHN D. ORMOND**
**(Of Counsel)**
Texas State Bar No.  24037217
jormond@swtriallaw.com
**SAYLES|WERBNER**
*A Professional Corporation*
4400 Renaissance Tower
1201 Elm Street
Dallas, Texas  75270
(214) 939-8700
FAX (214) 939-8787

**DIANNE B. ELDERKIN**
**(Lead Attorney)**
elderkin@woodcock.com
**JOSEPH LUCCI**
**(Of Counsel)**
lucci@woodcock.com
**BARBARA L. MULLIN**
**(Of Counsel)**
mullin@woodcock.com
**ANDREW T. SERAFINI**
**(Of Counsel)**
serafini@woodcock.com
**STEVEN D. MASLOWSKI**
**(Of Counsel)**
smaslows@woodcock.com
**LAUREN T. RABINOVIC**

**(Of Counsel)**
lrabinovic@woodcock.com
**WOODCOCK WASHBURN LLP**
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA 19104-2891
215-568-3100
FAX: 215-568-3439

**ATTORNEYS FOR PLAINTIFFS**
**CENTOCOR, INC. and**
**NEW YORK UNIVERSITY**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on July 16, 2007. Any other counsel of record will be served by first class mail.

/s/ Eve L. Henson
Eve L. Henson