# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

|  |  |
|---|---|
| CENTOCOR, INC. and<br>NEW YORK UNIVERSITY,<br><br>          Plaintiffs,<br><br>     v.<br><br>ABBOTT LABORATORIES,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)   CIVIL ACTION NO. 2:07CV139<br>)<br>)<br>)   JURY TRIAL DEMANDED<br>)<br>)<br>)<br>) |

## PLAINTIFFS' REPLY TO DEFENDANT'S COUNTERCLAIMS

Plaintiffs, Centocor, Inc. ("Centocor") and New York University ("NYU"), hereby reply to the Counterclaims set forth in Defendant Abbott Laboratories' ("Abbott") Answer to the First Amended Complaint and Counterclaims in accordance with the numbered paragraphs thereof as follows:

## PARTIES

1.   Centocor and NYU admit the allegations set forth in paragraph 1 of the Counterclaims.

2.   Centocor and NYU admit the allegations set forth in paragraph 2 of the Counterclaims.

3.   Centocor and NYU admit the allegations set forth in paragraph 3 of the Counterclaims.

## JURISDICTION AND VENUE

4. Centocor and NYU admit that the Counterclaims purport to set forth claims arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, but deny that Abbott has any such cause of action in fact or law.

5. Centocor and NYU admit that this Court would have subject matter jurisdiction over counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a) and Title 35 of the United States Code, but deny that Abbott's counterclaims are true and/or sufficient.

6. Centocor and NYU admit that they have asserted U.S. Patent No. 7,070,775 ("the 775 patent") and U.S. Patent No. 7,276,239 ("the 239 patent") against Abbott such that an actual case or controversy exists with respect to those claims.

## BACKGROUND

7. Centocor and NYU admit the allegations set forth in paragraph 7 of the Counterclaims.

8. Centocor and NYU are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Counterclaims.

9. Centocor and NYU admit that Abbott has marketed and sold adalimumab in the United States, under the trade name Humira®, for the treatment of rheumatoid arthritis, psoriatic arthritis, ankylosing spondylitis, and Crohn's disease; but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9 of the Counterclaims.

10. Centocor and NYU admit that they filed an application that issued as the 775 patent on July 18, 2002, but deny that this is "the" application that led to the issuance of the 775

patent to the extent that this statement may be construed as suggesting that priority for the 775 patent should somehow be limited to this filing date.

11. Centocor and NYU admit the allegations set forth in paragraph 11 of the Counterclaims.

12. Centocor and NYU admit that they filed an application that issued as the 239 patent on December 20, 2005 and that that application was a division of an application filed on July 18, 2002, but deny that this is "the" application that led to the issuance of the 239 patent to the extent that this statement may be construed as suggesting that priority for the 239 patent should somehow be limited to this filing date.

13. Centocor and NYU admit the allegations set forth in paragraph 13 of the Counterclaims.

## FIRST COUNTERCLAIM

14. Centocor and NYU reassert and incorporate their answers to paragraphs 1 through 13.

15. Paragraph 15 of the Counterclaims contains conclusions of law to which no response is required. To the extent that a response is deemed required, Centocor and NYU deny the allegations contained in paragraph 15 of the Counterclaims.

16. Paragraph 16 of the Counterclaims contains conclusions of law to which no response is required. To the extent that a response is deemed required, Centocor and NYU deny the allegations contained in paragraph 16 of the Counterclaims.

## SECOND COUNTERCLAIM

17. Centocor and NYU reassert and incorporate their answers to paragraphs 1 through 16.

18.  Paragraph 18 of the Counterclaims contains conclusions of law to which no response is required. To the extent that a response is deemed required, Centocor and NYU deny the allegations contained in paragraph 18 of the Counterclaims.

19.  Paragraph 19 of the Counterclaims contains conclusions of law to which no response is required. To the extent that a response is deemed required, Centocor and NYU deny the allegations contained in paragraph 19 of the Counterclaims.

## THIRD COUNTERCLAIM

20.  Centocor and NYU reassert and incorporate their answers to paragraphs 1 through 19.

21.  Paragraph 21 of the Counterclaims contains conclusions of law to which no response is required. To the extent that a response is deemed required, Centocor and NYU deny the allegations contained in paragraph 21 of the Counterclaims.

22.  Paragraph 22 of the Counterclaims contains conclusions of law to which no response is required. To the extent that a response is deemed required, Centocor and NYU deny the allegations contained in paragraph 22 of the Counterclaims.

## FOURTH COUNTERCLAIM

23.  Centocor and NYU reassert and incorporate their answers to paragraphs 1 through 22.

24.  Paragraph 24 of the Counterclaims contains conclusions of law to which no response is required. To the extent that a response is deemed required, Centocor and NYU deny the allegations contained in paragraph 24 of the Counterclaims.

25. Paragraph 25 of the Counterclaims contains conclusions of law to which no response is required. To the extent that a response is deemed required, Centocor and NYU deny the allegations contained in paragraph 25 of the Counterclaims.

### FIFTH COUNTERCLAIM

26. Centocor and NYU reassert and incorporate their answers to paragraphs 1 through 25.

27. Paragraph 27 of the Counterclaims contains conclusions of law to which no response is required. To the extent that a response is deemed required, Centocor and NYU deny the allegations contained in paragraph 27 of the Counterclaims.

28. Paragraph 28 of the Counterclaims contains conclusions of law to which no response is required. To the extent that a response is deemed required, Centocor and NYU deny the allegations contained in paragraph 28 of the Counterclaims.

### SIXTH COUNTERCLAIM

29. Centocor and NYU reassert and incorporate their answers to paragraphs 1 through 28.

30. Paragraph 30 of the Counterclaims contains conclusions of law to which no response is required. To the extent that a response is deemed required, Centocor and NYU deny the allegations contained in paragraph 30 of the Counterclaims.

31. Paragraph 31 of the Counterclaims contains conclusions of law to which no response is required. To the extent that a response is deemed required, Centocor and NYU deny the allegations contained in paragraph 31 of the Counterclaims.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

32. Abbott fails to state a claim against Centocor or NYU upon which relief may be granted.

### SECOND DEFENSE

33. To the extent Abbott's Third Counterclaim is one premised on averments of fraud or mistake, Abbott has failed to plead the Counterclaim with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

### THIRD DEFENSE

34. To the extent Abbott's Sixth Counterclaim is one premised on averments of fraud or mistake, Abbott has failed to plead the Counterclaim with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

### PRAYER FOR RELIEF

WHEREFORE, Centocor and NYU respectfully demand the following relief:

(a) a judgment in favor of Centocor and NYU against Abbott on Plaintiffs' Complaint, and an award to Centocor and NYU of the relief sought in their Complaint;

(b) a dismissal with prejudice of Abbott's Counterclaims and denial of each request for relief against Centocor and NYU;

(c) a judgment that this is an exceptional case and that Centocor and NYU be awarded costs, expenses, and reasonable attorney fees pursuant to 35 U.S.C. § 285; and

(d) an award of such other and further relief as the Court may deem just and proper.

Dated:  April 15, 2008                                      Respectfully submitted,


/s/ Dianne B. Elderkin
**DIANNE B. ELDERKIN**
**(Lead Attorney)**
elderkin@woodcock.com
**JOSEPH LUCCI**
**(Of Counsel)**
lucci@woodcock.com
**BARBARA L. MULLIN**
**(Of Counsel)**
mullin@woodcock.com
serafini@woodcock.com
**STEVEN D. MASLOWSKI**
**(Of Counsel)**
smaslows@woodcock.com
**LAUREN T. RABINOVIC**
**(Of Counsel)**
lrabinovic@woodcock.com
**WOODCOCK WASHBURN LLP**
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA 19104-2891
215-568-3100
FAX:  215-568-3439



**RICHARD A. SAYLES**
**(Of Counsel)**
Texas State Bar No. 17697500
dsayles@swtriallaw.com
**EVE L. HENSON**
**(Of Counsel)**
Texas State Bar No. 00791462
ehenson@swtrial.com
**JOHN D. ORMOND**
**(Of Counsel)**
Texas State Bar No.  24037217
jormond@swtriallaw.com
**SAYLES|WERBNER**
*A Professional Corporation*
4400 Renaissance Tower

1201 Elm Street
Dallas, Texas  75270
(214) 939-8700
FAX (214) 939-8787

**ATTORNEYS FOR PLAINTIFFS
CENTOCOR, INC. and
NEW YORK UNIVERSITY**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Plaintiffs' Reply to Defendants' Counterclaim was served via ECF filing on counsel of record, as follows, on April 15, 2008.

    David J. Beck
    Texas Bar No. 00000070
    BECK, REDDEN & SECREST, L.L.P.
    One Houston Center
    1221 McKinney St., Suite 4500
    Houston, TX 77010
    Telephone: (713) 951-3700
    Facsimile: (713) 951-3720
    Email: dbeck@brsfirm.com

    Michael E. Richardson
    State Bar No. 24002838
    BECK, REDDEN & SECREST, L.L.P.
    One Houston Center
    1221 McKinney St., Suite 4500
    Houston, TX 77010
    Telephone: (713) 951-3700
    Facsimile: (713) 951-3720
    Email: mrichardson@brsfirm.com

    William F. Lee
    WILMER CUTLER PICKERING HALE AND DORR LLP
    60 State Street
    Boston, MA 02109
    Telephone: (617) 526-6000
    Facsimile: (617) 526-5000
    Email: william.lee@wilmerhale.com

    William G. McElwain
    Amy Kreiger Wigmore
    WILMER CUTLER PICKERING HALE AND DORR LLP
    1875 Pennsylvania Avenue, N.W.
    Washington, DC 20006
    Telephone: (202) 663-6000
    Facsimile: (202) 663-6363
    Email: william.mcelwain@wilmerhale.com
    Email: amy.wigmore@wilmerhale.com

Robert J. Gunther, Jr.
WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10020
Telephone: (212) 230-8830
Facsimile: (212) 230-8888
Email: robert.gunther@wilmerhale.com

Eric P. Martin
Jose Enrique Rivera
ABBOTT LABORATORIES
Dept. 324, Bldg. AP6A-1, 100
Abbott Park Road
Abbott Park, IL 60064-6008
Telephone: (847) 938-3887
Facsimile: (847) 938-6235
Email: eric.martin@abbott.com
Email: jose.rivera@abbott.com

                /s/ Dianne B. Elderkin
                Dianne B. Elderkin