IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CENTOCOR, INC. and<br>NEW YORK UNIVERSITY,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ABBOTT LABORATORIES, ABBOTT<br>BIORESEARCH CENTER, INC., and<br>ABBOTT BIOTECHNOLOGY LTD.<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)　CIVIL ACTION NO. 2:07CV139<br>)<br>)<br>)　JURY TRIAL DEMANDED<br>)<br>)<br>)<br>) |

## PLAINTIFFS' REPLY TO DEFENDANTS' COUNTERCLAIMS

Plaintiffs, Centocor, Inc. ("Centocor") and New York University ("NYU"), hereby reply to the Counterclaims set forth in the Answer to the Second Amended Complaint and Counterclaims of Abbott Laboratories ("Abbott Labs"), Abbott Bioresearch Center, Inc. ("ABC"), and Abbott Biotechnology Ltd. ("ABL") (collectively, "Abbott") in accordance with the numbered paragraphs thereof as follows:

### PARTIES

1.　　Centocor and NYU admit the allegations set forth in paragraph 1 of the Counterclaims.

2.　　Centocor and NYU admit the allegations set forth in paragraph 2 of the Counterclaims.

3. Centocor and NYU admit the allegations set forth in paragraph 3 of the Counterclaims.

4. Centocor and NYU admit the allegations set forth in paragraph 4 of the Counterclaims.

5. Centocor and NYU admit the allegations set forth in paragraph 5 of the Counterclaims.

## JURISDICTION AND VENUE

6. Centocor and NYU admit that the Counterclaims purport to set forth claims arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, but deny that Abbott has any such cause of action in fact or law.

7. Centocor and NYU admit that this Court would have subject matter jurisdiction over counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a) and Title 35 of the United States Code, but deny that Abbott's counterclaims are true and/or sufficient.

8. Centocor and NYU admit that they have asserted U.S. Patent No. 7,070,775 ("the 775 patent") and U.S. Patent No. 7,276,239 ("the 239 patent") against Abbott such that an actual case or controversy exists with respect to those claims.

## BACKGROUND

9. Centocor and NYU admit the allegations set forth in paragraph 9 of the Counterclaims.

10. Centocor and NYU are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Counterclaims.

11. Centocor and NYU admit that Abbott Labs has marketed and sold adalimumab in the United States, under the trade name Humira®, for the treatment of rheumatoid arthritis, psoriatic arthritis, ankylosing spondylitis, and Crohn's disease; but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11 of the Counterclaims.

12. Centocor and NYU admit that they filed an application that issued as the 775 patent on July 18, 2002, but deny that this is "the" application that led to the issuance of the 775 patent to the extent that this statement may be construed as suggesting that priority for the 775 patent should somehow be limited to this filing date.

13. Centocor and NYU admit the allegations set forth in paragraph 13 of the Counterclaims.

14. Centocor and NYU admit that they filed an application that issued as the 239 patent on December 20, 2005 and that that application was a division of an application filed on July 18, 2002, but deny that this is "the" application that led to the issuance of the 239 patent to the extent that this statement may be construed as suggesting that priority for the 239 patent should somehow be limited to this filing date.

15. Centocor and NYU admit the allegations set forth in paragraph 15 of the Counterclaims.

## FIRST COUNTERCLAIM

16. Centocor and NYU reassert and incorporate their answers to paragraphs 1 through 15.

17.     Paragraph 17 of the Counterclaims contains conclusions of law to which no response is required. To the extent that a response is deemed required, Centocor and NYU deny the allegations contained in paragraph 17 of the Counterclaims.

18.     Paragraph 18 of the Counterclaims contains conclusions of law to which no response is required. To the extent that a response is deemed required, Centocor and NYU deny the allegations contained in paragraph 18 of the Counterclaims.

## SECOND COUNTERCLAIM

19.     Centocor and NYU reassert and incorporate their answers to paragraphs 1 through 18.

20.     Paragraph 20 of the Counterclaims contains conclusions of law to which no response is required. To the extent that a response is deemed required, Centocor and NYU deny the allegations contained in paragraph 20 of the Counterclaims.

21.     Paragraph 21 of the Counterclaims contains conclusions of law to which no response is required. To the extent that a response is deemed required, Centocor and NYU deny the allegations contained in paragraph 21 of the Counterclaims.

## THIRD COUNTERCLAIM

22.     Centocor and NYU reassert and incorporate their answers to paragraphs 1 through 21.

23.     Paragraph 23 of the Counterclaims contains conclusions of law to which no response is required. To the extent that a response is deemed required, Centocor and NYU deny the allegations contained in paragraph 23 of the Counterclaims.

24. Paragraph 24 of the Counterclaims contains conclusions of law to which no response is required. To the extent that a response is deemed required, Centocor and NYU deny the allegations contained in paragraph 24 of the Counterclaims.

## FOURTH COUNTERCLAIM

25. Centocor and NYU reassert and incorporate their answers to paragraphs 1 through 24.

26. Paragraph 26 of the Counterclaims contains conclusions of law to which no response is required. To the extent that a response is deemed required, Centocor and NYU deny the allegations contained in paragraph 26 of the Counterclaims.

27. Paragraph 27 of the Counterclaims contains conclusions of law to which no response is required. To the extent that a response is deemed required, Centocor and NYU deny the allegations contained in paragraph 27 of the Counterclaims.

## FIFTH COUNTERCLAIM

28. Centocor and NYU reassert and incorporate their answers to paragraphs 1 through 27.

29. Paragraph 29 of the Counterclaims contains conclusions of law to which no response is required. To the extent that a response is deemed required, Centocor and NYU deny the allegations contained in paragraph 29 of the Counterclaims.

30. Paragraph 30 of the Counterclaims contains conclusions of law to which no response is required. To the extent that a response is deemed required, Centocor and NYU deny the allegations contained in paragraph 30 of the Counterclaims.

## SIXTH COUNTERCLAIM

31. Centocor and NYU reassert and incorporate their answers to paragraphs 1 through 30.

32. Paragraph 32 of the Counterclaims contains conclusions of law to which no response is required. To the extent that a response is deemed required, Centocor and NYU deny the allegations contained in paragraph 32 of the Counterclaims.

33. Paragraph 33 of the Counterclaims contains conclusions of law to which no response is required. To the extent that a response is deemed required, Centocor and NYU deny the allegations contained in paragraph 33 of the Counterclaims.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

34. Abbott fails to state a claim against Centocor or NYU upon which relief may be granted.

### SECOND DEFENSE

35. To the extent Abbott's Third Counterclaim is one premised on averments of fraud or mistake, Abbott has failed to plead the Counterclaim with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

### THIRD DEFENSE

36. To the extent Abbott's Sixth Counterclaim is one premised on averments of fraud or mistake, Abbott has failed to plead the Counterclaim with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, Centocor and NYU respectfully demand the following relief:

(a)     a judgment in favor of Centocor and NYU against Abbott on Plaintiffs' Complaint, and an award to Centocor and NYU of the relief sought in their Complaint;

(b)     a dismissal with prejudice of Abbott's Counterclaims and denial of each request for relief against Centocor and NYU;

(c)     a judgment that this is an exceptional case and that Centocor and NYU be awarded costs, expenses, and reasonable attorney fees pursuant to 35 U.S.C. § 285; and

(d)     an award of such other and further relief as the Court may deem just and proper.

Dated: July 21, 2008                                     Respectfully submitted,


  /s/ Dianne B. Elderkin
**DIANNE B. ELDERKIN**
**(Lead Attorney)**
elderkin@woodcock.com
**JOSEPH LUCCI**
**(Of Counsel)**
lucci@woodcock.com
**BARBARA L. MULLIN**
**(Of Counsel)**
mullin@woodcock.com
**STEVEN D. MASLOWSKI**
**(Of Counsel)**
smaslows@woodcock.com
**LAUREN T. RABINOVIC**
**(Of Counsel)**
lrabinovic@woodcock.com
**MATTHEW A. PEARSON**
**(Of Counsel)**
mpearson@woodcock.com
**WOODCOCK WASHBURN LLP**
Cira Centre, 12th Floor
2929 Arch Street

Philadelphia, PA 19104-2891
215-568-3100
FAX: 215-568-3439


**RICHARD A. SAYLES**
**(Of Counsel)**
Texas State Bar No. 17697500
dsayles@swtriallaw.com
**EVE L. HENSON**
**(Of Counsel)**
Texas State Bar No. 00791462
ehenson@swtrial.com
**JOHN D. ORMOND**
**(Of Counsel)**
Texas State Bar No. 24037217
jormond@swtriallaw.com
**SAYLES|WERBNER**
*A Professional Corporation*
4400 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270
(214) 939-8700
FAX (214) 939-8787

**ATTORNEYS FOR PLAINTIFFS**
**CENTOCOR, INC. and**
**NEW YORK UNIVERSITY**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Plaintiffs' Reply to Defendants' Counterclaims was served via ECF filing on counsel of record, as follows, on July 21, 2008.

>David J. Beck
>Texas Bar No. 00000070
>BECK, REDDEN & SECREST, L.L.P.
>One Houston Center
>1221 McKinney St., Suite 4500
>Houston, TX 77010
>Telephone: (713) 951-3700
>Facsimile: (713) 951-3720
>Email: dbeck@brsfirm.com
>
>Michael E. Richardson
>State Bar No. 24002838
>BECK, REDDEN & SECREST, L.L.P.
>One Houston Center
>1221 McKinney St., Suite 4500
>Houston, TX 77010
>Telephone: (713) 951-3700
>Facsimile: (713) 951-3720
>Email: mrichardson@brsfirm.com
>
>William F. Lee
>WILMER CUTLER PICKERING HALE AND DORR LLP
>60 State Street
>Boston, MA 02109
>Telephone: (617) 526-6000
>Facsimile: (617) 526-5000
>Email: william.lee@wilmerhale.com
>
>William G. McElwain
>Amy Kreiger Wigmore
>WILMER CUTLER PICKERING HALE AND DORR LLP
>1875 Pennsylvania Avenue, N.W.
>Washington, DC 20006
>Telephone: (202) 663-6000
>Facsimile: (202) 663-6363
>Email: william.mcelwain@wilmerhale.com
>Email: amy.wigmore@wilmerhale.com

Robert J. Gunther, Jr.
WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10020
Telephone: (212) 230-8830
Facsimile: (212) 230-8888
Email: robert.gunther@wilmerhale.com

Eric P. Martin
Jose Enrique Rivera
ABBOTT LABORATORIES
Dept. 324, Bldg. AP6A-1, 100
Abbott Park Road
Abbott Park, IL 60064-6008
Telephone: (847) 938-3887
Facsimile: (847) 938-6235
Email: eric.martin@abbott.com
Email: jose.rivera@abbott.com

         /s/ Dianne B. Elderkin
         Dianne B. Elderkin