UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CENTOCOR, INC. and<br>NEW YORK UNIVERSITY,<br><br>    Plaintiffs and<br>    Counterclaim-Defendants,<br><br>v.<br><br>ABBOTT LABORATORIES, ABBOTT<br>BIORESEARCH CENTER, INC., AND<br>ABBOTT BIOTECHNOLOGY LTD.,<br><br>    Defendants and<br>    Counterclaim-Plaintiffs. | Civil Action No. 2:07CV139<br><br>**JURY TRIAL DEMANDED** |

### DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL AND MEMORANDUM IN SUPPORT

**I.   Introduction**

In their Opposition to Defendants' motion to compel compliance with Patent Rule 3-1, Plaintiffs (collectively, "Centocor") pay only passing lip service to the central consideration in Abbott's motion: the text of this Court's Patent Rule 3-1(e), which required Centocor to disclose "the priority date to which each asserted claim allegedly is entitled."  Centocor's motion confuses the disclosure required by Patent Rule 3-1(e) with the substantive question of whether Centocor is in fact entitled to the benefit of whichever priority date it discloses—a question that will be resolved at trial by the jury.

**II.   Argument**

Centocor argues that the Patent Rules are not meant to sort out the merits of the parties' substantive positions and that it is up to the jury to ultimately decide whether Centocor is entitled

to the benefit of a particular priority date. Centocor's arguments misunderstand this Court's Patent Rules. By requiring early *disclosure* of the priority date that Plaintiffs will assert at trial, Patent Rule 3-1(e) in no way preempts the substantive determination whether Centocor is in fact *entitled* to the benefit of the disclosed filing date. Depending on how the claims are interpreted, Abbott will likely challenge Centocor's entitlement to claim priority to its original application by showing that the claimed invention is not supported by the disclosure of that application. Centocor will then be entitled to offer evidence to rebut Abbott's evidence, and the jury will ultimately decide whether Centocor is entitled to the benefit of the March 18, 1991 filing date of the original application. Patent Rule 3-1(e)'s requirement that Centocor identify the priority date on which it will rely—and commit to a single date—well in advance of trial in no way eviscerates the jury's role, as suggested by Centocor.

Centocor's arguments about the burden of proof reflect the same misunderstanding and are similarly unavailing. *See* Centocor's Opposition at 4-6. As Abbott stated in its Motion To Compel, *Tech. Licensing Corp. v. VideoTek*, 545 F.3d 1316, 1327-29 (Fed. Cir. 2008), provides for a shifting burden of production on the anticipation question at trial. Under *VideoTek*, the defendant begins by introducing evidence that the clams are anticipated by prior art that predates the date of the application that led to the patent-in-suit—not a priority date within the meaning of Patent Rule 3-1(e). The burden then shifts to the patentee to produce evidence of entitlement to an earlier priority date. All that Patent Rule 3-1(e) provides is that Centocor will be limited to asserting a single priority date—the one disclosed under Patent Rule 3-1(e)—at this point, rather than potentially repeating the step at trial using multiple priority dates. Patent Rule 3-1(e)'s requirement is therefore perfectly consistent with *VideoTek*.

Centocor's further argument regarding the purpose of the Patent Rules (providing notice to the Defendant) also misses the mark. *See* Centocor's Opposition at 6-7. The question here is the scope of that notice; whether it is sufficient to identify a number of possible priority dates, or whether, as required by the plain text of the rule, Centocor must commit to a single contention that can be changed only upon a showing of good cause. Centocor points out that Abbott articulated multiple theories of invalidity in its Invalidity Contentions based on multiple priority dates. Abbott was indeed forced to do so in order to deal with Centocor's failure to comply with Patent Rule 3-1(e). This should in no way excuse Centocor's failure to comply with the rule. Similarly, the interrogatories and requests for admissions discussed by Centocor were intended to remedy Centocor's failure to disclose a single date by narrowing the dates asserted to a single one. Because these efforts were unsuccessful, Abbott brought this Motion To Compel.[1]

The basic considerations at issue here remain unchanged. The plain language and clear purpose of Patent Rule 3-1(e) required Centocor to make choices about its contentions and identify a priority date that it will assert at trial. Because of Centocor's insistence that it can assert multiple priority dates, Abbott faces the imminent prospect of having to prepare an expert report that will be forced to deal in the alternative with the large number of priority dates theoretically available. Of equal concern, the parties, the Court and the jury will then face a trial where both parties' experts will be expressing multiple, contingent opinions about the prior art and the different specifications. Centocor's arguments are devoid of merit and the Court should reject them.

---

[1] Centocor suggests that it offered "to narrow the universe of possible priority dates" and that "Abbott … was not interested." Centocor's Opposition at 9. Centocor's offer still would have left multiple priority dates on the table, and thus did not cure its failure to comply with Patent Rule 3-1(e).

### III. Conclusion

Abbott respectfully requests that the Court compel Plaintiffs respond to discovery requests and comply with P.R. 3-1 by confirming that Plaintiffs are bound by their contention that March 18, 1991 is the priority date for the asserted claims of the patents-in-suit on which they will rely at trial.

Dated: February 20, 2009

By: /s/ David J. Beck
    David J. Beck
    Texas Bar No. 00000070
Beck, Redden & Secrest, L.L.P.
One Houston Center
1221 McKinney St., Suite 4500
Houston, TX. 77010
(713) 951-3700
(713) 951-3720 (Fax)
Email: dbeck@brsfirm.com

**LEAD ATTORNEY FOR DEFENDANTS AND COUNTERCLAIM-PLAINTIFFS ABBOTT LABORATORIES, ABBOTT BIORESEARCH CENTER, INC., AND ABBOTT BIOTECHNOLOGY LTD.**

*Of Counsel*:

Michael E. Richardson
State Bar No. 24002838
BECK, REDDEN & SECREST, L.L.P.
1221 McKinney St., Suite 4500
Houston, Texas 77010-2010
Telephone: (713) 951-3700
Facsimile: (713) 951-3720
Email: mrichardson@brsfirm.com

1104.00001/425010.1

William F. Lee
(admitted *pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000
Email: william.lee@wilmerhale.com

William G. McElwain
(admitted *pro hac vice*)
Amy Kreiger Wigmore
(admitted *pro hac vice*)
Brent J. Gurney
(admitted *pro hac vice*)
Amanda L. Major
(admitted *pro hac vice*)
Jamaica P. Szeliga
(admitted *pro hac vice*)
Gabriel Taran
(admitted *pro hac vice*)
Anne McLaughlin
(admitted *pro hac vice*)
Maria K. Vento
(admitted *pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
Email: william.mcelwain@wilmerhale.com
Email: amy.wigmore@wilmerhale.com
Email: brent.gurney@wilmerhale.com
Email: amanda.major@wilmerhale.com
Email: jamaica.szeliga@wilmerhale.com
Email: gabriel.taran@wilmerhale.com
Email: anne.mclaughlin@wilmerhale.com
Email: maria.vento@wilmerhale.com

Robert J. Gunther, Jr.
(admitted *pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10020
Telephone: (212) 230-8830
Facsimile: (212) 230-8888
Email: robert.gunther@wilmerhale.com

José Enrique Rivera
(admitted *pro hac vice*)
Eric P. Martin
(admitted *pro hac vice*)
ABBOTT LABORATORIES
Dept. 324, Bldg. AP6A-1,100
Abbott Park Road
Abbott Park, Illinois 60064-6008
Telephone: (847) 938-3887
Facsimile: (847) 938-6235
Email: jose.rivera@abbott.com
Email: eric.martin@abbott.com

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record, who are deemed to have consented to electronic service in the above-referenced case, are being served this 20th day of February, 2009 with a copy of the above-document via the court's CM/ECF System per Local Rule CV-5(a)(3).

/s/ Michael E. Richardson
Michael E. Richardson