**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| CENTOCOR ORTHO BIOTECH, INC. and NEW YORK UNIVERSITY, § § § § *Plaintiffs,* § § v. § § ABBOTT LABORATORIES, ABBOTT BIORESEARCH CENTER, INC., and ABBOTT BIOTECHNOLOGY LTD., § § § § § *Defendants*. § § | CASE NO. 2:07-CV-139-TJW |

## ORDER

Before the Court is Abbott Laboratories', Abbott Bioresearch Center, Inc.'s, and Abbott Biotechnology Ltd.'s Motion for Judgment as a Matter of Law ("JMOL") or for New Trial on the issue of willfulness. (Dkt. No. 292.) The Court has carefully considered the parties' submissions, the record, and the applicable law. For the following reasons, the Motion is GRANTED.

I.  **BACKGROUND**

In this case, plaintiffs Centocor Ortho Biotech, Inc. ("Centocor") and New York University ("NYU") (collectively "Plaintiffs") obtained a jury verdict of infringement against defendants Abbott Laboratories, Abbott Bioresearch Center, Inc., and Abbott Biotechnology Ltd. (collectively "Abbott" or "Defendants") on June 29, 2009 with respect to claims 2, 3, 14, and 15 of United States Patent No. 7,070,775 ("the '775 patent"). (*See* Dkt. No. 261, Jury Verdict). The jury found that the asserted claims of the '775 patent were valid and willfully infringed by

Abbott. (*Id.*)  After the jury returned the verdict, Abbott filed its current motion arguing that it is entitled to judgment as a matter of law or for a new trial on the issue of willfulness.

II.     **LEGAL STANDARD**

"The grant or denial of a motion for judgment as a matter of law is a procedural issue not unique to patent law, reviewed under the law of the regional circuit in which the appeal from the district court would usually lie." *Summit Tech., Inc. v. Nidek Co.*, 363 F.3d 1219, 1223 (Fed. Cir. 2004). In the Fifth Circuit, JMOL may not be granted unless "there is no legally sufficient evidentiary basis for a reasonable jury to find as the jury did." *Hiltgen v. Sumrall*, 47 F.3d 695, 700 (5th Cir. 1995) (internal citation omitted); *DP Solutions, Inc. v. Rollins, Inc.*, 353 F.3d 421, 427 (5th Cir. 2003).  JMOL is appropriate if the court finds that "a reasonable jury would not have a legally sufficient evidentiary basis to find for that party on that issue."  FED. R. CIV. P. 50(a)(1).  In ruling on a renewed motion for JMOL, the court may allow judgment on the verdict, if the jury returned a verdict, order a new trial, or direct the entry of judgment as a matter of law. FED. R. CIV. P. 50(b).  A court reviews all the evidence in the record and must draw all reasonable inferences in favor of the nonmoving party, however, a court may not make credibility determinations or weigh the evidence, as those are solely functions of the jury.  *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51 (2000).

Likewise, a motion for a new trial is a procedural issue not unique to patent law, reviewed under the law of the regional circuit in which the appeal from the district court would normally lie. *Riverwood Intern. Corp. v. R.A. Jones & Co., Inc.,* 324 F.3d 1346, 1352 (Fed. Cir. 2003).  The court "may, on motion, grant a new trial on all or some of the issues–and to any party–as follows: after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court . . ."  FED. R. CIV. P. 59(a).   "A new trial may be

granted, for example, if the district court finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 612-13 (5th Cir. 1985). "The decision to grant or deny a motion for a new trial is within the discretion of the trial court and will not be disturbed absent an abuse of discretion or a misapprehension of the law." *Prytania Park Hotel, Ltd. v. General Star Indem. Co.*, 179 F.3d 169, 173 (5th Cir. 1999).

The Federal Circuit has set forth a two-pronged approach to determining willful infringement. First, a patentee must make a showing of at least "objective recklessness." *In re Seagate Tech. LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc). This first prong requires "clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *Id.* "The state of mind of the accused infringer is not relevant to this objective inquiry." *Id.* If the patentee can show objective recklessness, then the patentee must also prove the second prong by showing that the objectively-defined risk "was either known or so obvious that it should have been known to the accused infringer." *Id.* While the Federal Circuit did not set forth further guidance in *Seagate* for applying this test, it did indicate that the objectively-defined risk should be determined by the record developed in the infringement proceeding. *Id.* "The court's finding on willful infringement is one of fact, subject to the clearly erroneous standard of review." *Cohesive Techs., Inc. v. Waters Corp.*, 543 F.3d 1351, 1374 (Fed. Cir. 2008) (internal citations omitted).

III. **DISCUSSION**

Abbott argues that Centocor failed to meet its burden on both the objective and subjective prongs of the *Seagate* analysis for a finding of willfulness. Regarding the objective prong of the *Seagate* test, Abbott first argues that it presented a number of "legitimate," "substantial,"

3

"reasonable," and "credible" defenses in this case – including invalidity based on the failure to meet the § 112 ¶ 1 enablement and written description requirements, invalidity based on anticipation, non-infringement, and the existence of a license – that bar Centocor from satisfying the first prong of the *Seagate* analysis. Abbott argues that courts applying the first prong of *Seagate* have consistently explained that "legitimate," "reasonable," "credible" and "substantial" non-infringement or invalidity arguments evidence a lack of an objectively high likelihood that a party's actions would infringe a valid patent. Abbott argues that any reasonable jury should have viewed any of these defenses as sufficient to illustrate that there was not an objectively high likelihood that Abbott infringed a valid patent. Abbott argues that the fact that, in the jury's view, Centocor met its burden of establishing infringement by a preponderance of the evidence and that Abbott did not meet its burden of establishing invalidity by clear and convincing evidence does not support Centocor's contention that Abbott's defenses were wholly without merit or that it was not a close case. Second, Abbott argues that other facts in this case overwhelmingly illustrate that Abbott did not operate with the objective recklessness necessary to support a finding of willful infringement. For example, Abbott argues that Centocor did not file any motion for summary judgment that would have been case dispositive if granted, Abbott believed that it was licensed to the '775 patent by virtue of a pre-existing license agreement with Centocor, an arbitrator ruled that Abbott had a partial license covering Humira co-administered with methotrexate, and had the Court adopted Abbott's proposed claim constructions the fully human antibody in Humira would necessarily have been outside the scope of the claims. Abbott also argues that it raised legitimate inequitable conduct, prosecution laches, and indefiniteness arguments before the Court.

Regarding the subjective prong of the *Seagate* analysis, Abbott argues that it presented significant evidence on why it thought the '775 patent was invalid and that Centocor offered no evidence that Abbott knew or should have known that there was an objectively high likelihood the patent was valid. Abbott argues that it consistently believed and told Centocor that the '775 patent was not enabled from the moment it first learned of the '775 patent throughout trial. Abbott also argues that Centocor did not meet its burden to prove that Abbot knew or should have known of an objectively high risk of infringement.

Centocor argues that there was substantial evidence for the jury to find that Abbott's defenses were not objectively reasonable and that Abbott had the subjective intent necessary to meet the first and second prongs of the *Seagate* test. Regarding the objective prong of *Seagate*, Centocor argues that the jury rejected every single defense put forth by Abbott, and that there was substantial evidence that the written description and enablement defenses were objectively baseless. With respect to infringement, Centocor argues that the evidence supporting the jury's verdict of infringement was overwhelming. Centocor argues that Abbott disputed only one element of the claims in the '775 Patent, and with respect to that one element, Abbott did not present testing showing non-infringement and only tried to challenge conclusions drawn from Centocor's testing. Centocor also argues that Abbott's equitable defenses of inequitable conduct, prosecution laches, and indefiniteness, although not before the jury, were similarly unreasonable and baseless. Further, Centocor argues that because Abbott never presented issues of license and claim construction positions before the jury, any arguments on these issues cannot be used to overturn the jury's willfulness decision. Thus, Centocor argues that a reasonable person would have appreciated a high likelihood that Abbott's sale of Humira would infringe the '775 patent,

irrespective of whether Abbott presented substantial defenses that a reasonable jury could have found convincing, and that the verdict is supported by substantial evidence.

Regarding the subjective prong of *Seagate*, Centocor argues that Abbott was well aware of the risk of infringement when Centocor told it that the '775 patent would issue and that its Humira product was covered by the claims that would issue. Further, Centocor argues that Abbott had performed internal testing showing that the Humira product would meet the "competition" element of the patent claims. Centocor also argues that there was overwhelming evidence that Abbott knew or should have known that the '775 patent was not invalid.

The Court finds that the issues of infringement and validity were hotly contested, close, and required an intensely factual inquiry. Indeed, after Abbott first learned of the allowance of the application that became the '775 patent, Abbott consistently articulated objectively legitimate and reasonable defenses, that if true, would invalidate the '775 patent. The jury could have found for either party on the issues of validity and infringement in this case, and although that fact does not automatically immunize an accused infringer from a finding of willfulness, the record developed in this case shows that Abbott presented objectively reasonable and substantial defenses to infringement and validity. *Depuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314, 1337 (Fed. Cir. 2009) ("While the fact that an issue was submitted to a jury does not automatically immunize an accused infringer from a finding of willful infringement, the record developed in the infringement proceeding in this case, viewed objectively, indisputably shows that the question of equivalence was a close one, particularly insofar as equivalence requires an intensely factual inquiry.") The mere fact that the jury ultimately found for the plaintiffs on the issues of infringement and validity does not diminish the difficulty of the jury's task, which must be viewed objectively. *See id.* Further, the fact that certain facts were not presented to a jury,

such as the close issue of claim construction, does not preclude the court to consider them in its determination of, as a matter of law, whether the first prong of *Seagate* is met. *See Cohesive*, 543 F.3d at 1374 (upholding district court's finding of no willful infringement where claim term was susceptible to a reasonable interpretation under which there would be no infringement). In this case, the issue of claim construction was close and Abbott's proposed interpretation for the claims, although eventually not adopted, was reasonable and based upon the specification and prosecution history of the '775 patent. Thus, the Court takes the close issues of claim construction into consideration in its determination of whether Abbotts' actions were "objectively reckless." *See id.*

Centocor relies in part upon the recent decision by Judge Davis in *i4i Ltd. Partnership v. Microsoft Corp.*, No. 6:07-CV-113, 2009 WL 2449024 (E.D. Tex. Aug. 11, 2009). Although this Court does not disagree with the *i4i* decision based on the facts presented in that case, the facts in this case are quite different. In particular, as opposed to the "creative defenses" presented after years of litigation in *i4i*, in this case Abbott had substantial and reasonable defenses, presented to Centocor when Abbott first became aware of the '775 patent, and Abbott proposed reasonable positions in a close issue of claim construction.

The Court finds that this case was close at all stages of the litigation and that Abbott's defenses and legal arguments, including the close issue of claim construction, were reasonable, legitimate, and substantial. Even when all of the evidence in this case has been reviewed, there is no "legally sufficient evidentiary basis" for a reasonable jury to find as the jury did. *See* FED. R. CIV. P. 50(a)(1). As a matter of law, an "objectively high likelihood of infringement of a valid patent" could not have been found under *Seagate's* first prong by clear and convincing evidence. *See Seagate*, 497 F.3d at 1371; *Depuy*, 567 F.3d at 1336-37. Because the Court finds that the

first prong of the willfulness inquiry is not met, the Court need not address the second prong of *Seagate*.

IV.  **CONCLUSION**

When viewed under the clear and convincing standard, as a matter of law, the Court finds that an "objectively high likelihood of infringement of a valid patent" could not have been found by a reasonable jury in this case.  Thus, the Court hereby GRANTS Defendants' Motion for JMOL on the issue of willfulness, and directs the entry of judgment as a matter of law that Defendants did not willfully infringe the '775 patent.

IT IS SO ORDERED.

SIGNED this  1st  day of October, 2009.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE