**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| CENTOCOR ORTHO BIOTECH, INC. and NEW YORK UNIVERSITY, | § § § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | CASE NO. 2:07-CV-139-TJW |
| ABBOTT LABORATORIES, ABBOTT BIORESEARCH CENTER, INC., and ABBOTT BIOTECHNOLOGY LTD., | § § § § § | |
| *Defendants.* | § § | |

**FINAL JUDGMENT**

A jury trial was held in this case from June 22-29, 2009. The jury reached its verdict on June 29, 2009. (*See* Dkt. No. 261.) On October 1, 2009, the Court denied Defendants' motion for JMOL or a new trial on the issues of enablement, written description, infringement, and damages, and granted Defendants' motion for JMOL of no willfulness. (*See* Dkt. Nos. 325 and 326.) Further, the Court conducted a bench trial on the defenses of inequitable conduct, prosecution laches, and indefiniteness on August 4, 2009 and issued an order denying those defenses on November 4, 2009. (*See* Dkt. No. 329.) In accordance with the jury's verdict, the Court renders the following judgment:

The jury having determined that defendants Abbott Laboratories, Abbott Bioresearch Center, Inc., and Abbott Biotechnology Ltd. (collectively "Abbott" or "Defendants") infringed claims 2, 3, 14, and 15 of United States Patent No. 7,070,775 ("the '775 patent"); the jury having failed to find that the asserted claims are invalid; the jury awarding $1,168,466,000 in lost profits damages; the jury awarding $504,128,000 in reasonable royalty damages; it is ORDERED,

ADJUDGED, AND DECREED that Centocor Ortho Biotech, Inc. ("Centocor") and New York University ("NYU") (collectively "Plaintiffs") have and recover from Abbott a damages award of One Billion, Six Hundred Seventy Two Million, Five Hundred Ninety Four Thousand Dollars ($1,672,594,000) in actual damages.  The Court awards an additional One Hundred Seventy Five Million, Six Hundred Forty One Thousand, Six Hundred Sixty One Dollars ($175,641,661) in pre-judgment interest.  In calculating the pre-judgment interest, the Court deems that the damages award is what would have been payable to Plaintiffs on the date of first infringement, July 4, 2006, which in this case is the issuance date of the '775 patent.  The Court calculates the pre-judgment interest rate consistent with the average ninety (90) day commercial paper rate as established by the Federal Reserve Board, and uses this rate compounded on a yearly basis for the time period from July 4, 2006 to the present date to calculate the pre-judgment interest award.  Thus, the total awarded is One Billion, Eight Hundred Forty Eight Million, Two Hundred Thirty Five Thousand, Six Hundred Sixty One Dollars ($1,848,235,661).  The Plaintiffs are the prevailing party in this litigation and the Court awards costs to the Plaintiffs as the prevailing party.  The judgment shall bear interest at the lawful federal rate.

The Court severs Plaintiffs' continuing causes of action for future damages accruing after the jury verdict, including the amount for any "supplemental damages" that occurred from the date of the jury verdict to the date of this order.  Plaintiffs' post-verdict causes of action are assigned case number 2:09-cv-389.  Plaintiffs shall file an appropriate complaint, in the new case, within ten days of this order.  Defendants shall file an answer within the time provided by the Federal Rules of Civil Procedure.  The Court orders the Defendants to file, in the new case, quarterly reports beginning on February 1, 2010, identifying the number of units sold with regard to all of Defendants' products found to infringe the '775 patent.

All pending motions are DENIED as moot.

IT IS SO ORDERED.

SIGNED this 18th day of December, 2009.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE