UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CENTOCOR ORTHO BIOTECH, INC. and NEW YORK UNIVERSITY,<br><br>Plaintiffs and Counterclaim-Defendants,<br><br>v.<br><br>ABBOTT LABORATORIES, ABBOTT BIORESEARCH CENTER, INC. and ABBOTT BIOTECHNOLOGY LTD., Defendants and Counterclaim-Plaintiffs. | Civil Action No. 2:07CV139<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS ABBOT LABORATORIES, ABBOTT BIORESEARCH CENTER, INC., AND ABBOTT BIOLTECHNOLOGY LTD.'S OPPOSITION TO PLAINTIFFS' PARTIALLY CONTESTED BILL OF COSTS**

Defendants Abbott Laboratories, Abbott Bioresearch Center, Inc., and Abbott Biotechnology Ltd. (collectively "Defendants") hereby respond to Plaintiffs' Partially Contested Bill of Costs ("Bill of Costs"). As Plaintiffs' Bill of Costs indicates, the only portion of the Bill of Costs that Defendants contest is Plaintiffs' purported "Fees for Copying of Papers", which Plaintiffs submit totals $130,708.37. Specifically, Plaintiffs contend they are entitled to $14,202.74 in document production costs; $90,516.11 for the copying of trial exhibits "made for the original exchange of exhibits between the parties and copy sets that were necessary for the Court and Abbott's counsel;" and $25,990.52 for "copies of exhibits to be used as potential exhibits at depositions." (*See* Bill of Costs at 6.) As set forth below, the law does not support an award of these exorbitant, and largely unexplained, copy costs.

1

## **LEGAL STANDARD**

To recover costs associated with copying of papers, 28 U.S.C. § 1920 requires that Plaintiffs show the "copies [were] necessarily obtained for use in the case." "While the prevailing party is not required to identify each copy made in the litigation, some demonstration of necessity is required." *IEX Corp. v. Blue Pumpkin Software Inc.*, No. 4:01CV16, 2004 WL 5698342, at *3 (E.D. Tex. Apr. 8, 2004) (Ex. B). "The responsibility of showing necessity lies with the [the prevailing party], and therefore Plaintiffs may only recover those costs for which it has met its burden." *Power-One, Inc. v. Artesyn Techs., Inc.*, No. 2:05CV463, 2008 WL 4065871, at *6-7 (E.D. Tex. Apr. 27, 2008) (declining to award costs because Plaintiff failed "to explain with any level of detail what these costs are or why they were necessary") (Ex. C). "[C]onclusory statements are not sufficient to meet the standard for proving necessity." *Id.* at 7. *See also Maurice Mitchell Innovations, L.P. v. Intel Corp.*, 491 F. Supp. 2d 684, 689 (E.D. Tex. 2007) (determination as to whether to assess copy costs cannot be made based upon invoices, which offer "little, if any, explanation as to what the copies are for or why the costs were necessary trial costs."); *Halliburton Energy Servs., Inc. v. M-I, LLC*, 244 F.R.D. 369 (E.D. Tex. 2007) (same) (Ex. D); *Conoco, Inc. v. Energy & Envtl Int'l, L.C.*, No. Civ. A. H-01-4242, 2006 WL 734396, at *1 (S.D. Tex. Mar. 22, 2006) (Ex. E).

Moreover, in the Fifth Circuit it is well established that the "losing party 'should not be held responsible for multiple copies of documents ... or any of the other multitude of papers that may pass through a law firm's xerox machines.'" *See Celanese Corp. v. Kellogg, Brown & Root, Inc.*, Civ. A. No. H-06-2265, 2009 WL 1810967, at *2 (S.D. Tex. June 25, 2009) (Ex. F) (citing *Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991). That is, the prevailing party "must at least show that the papers were necessary for trial and not part of the voluminous

copying that takes place in the course of a legal proceeding for the convenience of the parties and counsel." *Id.*; *Bank One Texas, N.A. v. Apex Energy, LLC*, No. 3:00-CV-2160-M, 2002 WL 22055, at *2 (N.D. Tex. Jan. 4, 2002) (rejecting copy expenses where the only support was an affidavit from a legal assistant stating that the copy costs were "correct, and were necessarily incurred in the course of the litigation") (Ex. G).

Courts have limited those costs associated with copying which may be recovered pursuant to 28 U.S.C. § 1920(4). For example, "costs associated with converting documents to searchable pdf. for production to another party, or for use by another party (namely an expert), or for use at a deposition, are not allowable under the statute." *See Finisar Corp. v. DirecTv Group, Inc.*, Civ. A. No. 1:05-CV-264, 2006 WL 2699732, at *2 (E.D. Tex. Aug. 4, 2006) (Ex. H). Costs for "shipping, delivery and postage services ... are not taxable as costs under the statute." *IEX*, 2004 WL 5698342, at *1; *see, e.g., Maurice Mitchell*, 491 F. Supp. 2d at 687; *Conoco*, 2006 WL 734396, at *1. Courts have frequently held that costs of making multiple copies of documents, as well as costs of color copies, are not taxable. *See IEX*, 2004 WL 5698342, at *3. Likewise, costs for binding, tabs, indexes, dividers, bates labeling or printing, and exhibit labels have been found not authorized by 28 U.S.C. § 1920, and, therefore, not recoverable. *See* 28 U.S.C. § 1920; *Conoco*, 2006 WL 734396, at *1. Courts have also denied costs associated with converting electronic files, noting that "[e]ven if such costs were 'necessary', the court [was] not convinced they [were] taxable under § 1920." *See Celanese Corp.*, 2009 WL 1810967, at *3.

Finally, the Fifth Circuit has consistently held that "[a]bsent pretrial approval of the exhibits ... a party may not later request taxation of the production costs to its opponent." *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 335 (5th Cir. 1995). *See, e.g., J.T. Gibbons, Inc. v. Crawford Fitting Co.*, 760 F.2d 613, 615 (5th Cir. 1985) (upholding denial of

costs for preparation of certain demonstrative charts). With regards to what constitutes pre-trial authorization, the Fifth Circuit held "[r]equiring the exchange of exhibits prior to trial does not imply authorization of production of those exhibits." *See Louisiana Power*, 50 F.3d at 335. (finding that there was no authorization for such costs in the pretrial order which required exhibits "be 'exchanged prior to trial in accordance with this order.'")

## **SUPPLEMENTAL DOCUMENT PRODUCTION**

Plaintiffs submit they are entitled to $14,202.74 in costs "related to document production." (Declaration of Marisa C. Browndorf in Support of Plaintiffs' Bill of Costs ("Browndorf Decl.") ¶ 4.) The parties, however, did not produce documents in hard copy. Plaintiffs' purported costs, therefore, are not for copies that were provided to Defendants. Instead, Plaintiffs improperly seek costs associated with collecting and processing documents from their client. *See e.g., Finisar*, 2006 WL 2699732, at *2; *Celanese Corp.*, 2009 WL 1810967, at *3. Additionally, even if these costs are potentially recoverable, Plaintiffs have failed to show that these copies were "necessarily obtained for use in the case" or even to explain what portion, if any, of these documents were produced to Defendants. *See* 28. U.S.C. § 1920; *see e.g., Power-One*, 2008 WL 4065871, at *6-7; *IEX*, 2004 WL 5698342, at *3.

Moreover, even if Plaintiffs can recover costs related to collecting and processing documents, several of Plaintiffs' "document production" related invoices indicate that multiple sets of copies were made of each document. For example, the March 21, 2007 invoice indicates "312 origs. x 5 copies"; the December 30, 2008 invoice indicates "Paper blow backs from – 3 sets with varying instructions"; the March 26, 2009 invoice indicates "1864 origs. x 3 copies." (*See* Browndorf Decl., Ex. A.) Plaintiffs offer no explanation for why collecting and processing documents for electronic production would require three or five copy sets or sets of blow backs

4

to be made. And, in any event, it is well settled that costs cannot be recovered for multiple copies. *See e.g., Celanese Corp.*, 2009 WL 1810967, at *2; *IEX*, 2004 WL 734396, at *1. At a minimum, the inclusion of these invoices and costs make clear that Plaintiffs have not provided sufficient support for the claim of $14,202.74 in supplemental document production costs. Therefore, the Court should reject Plaintiffs' request in its entirety. *See Maurice Mitchell*, 491 F. Supp. 2d at 689 (denying costs when Plaintiffs failed to establish the costs were "necessarily obtained for use in the case"); *Halliburton Energy*, 244 F.R.D. at 373 (same).

Finally, the invoices for Plaintiffs' "document production" related costs include costs associated with color copies, CD duplication, slipsheets, conversion, OCR, technical time, Velo/GBC/Acco binding, and Bates labeling. As discussed above, courts have held that such costs are not recoverable under 28 U.S.C. § 1920. *See, e.g., Conoco*, 2006 WL 734396, at *1; *Finisar*, 2006 WL 2699732, at *2; *IEX*, 2004 WL 5698342, at *3. Thus, Plaintiffs should not be permitted to recover for these costs. *See id.*

## TRIAL EXHIBITS

Without substantive explanation, Plaintiffs submit they are entitled to $90,516.11 in copying costs associated with copying trial exhibits "includ[ing] copies for the original exchange of exhibits between the parties to satisfy the Pre-Trial Order and also for pre-admission of trial exhibits" as well as "additional copy sets ... for the Court, counsel and for the jury's convenience during the" trials. (Browndorf Decl. ¶ 5.) As a preliminary matter, in addition to producing documents in electronic form, the parties exchanged trial exhibits in electronic form. Thus, it is unclear why or what of these copy costs could have been "for the original exchange of exhibits between the parties." Regardless, Plaintiffs have made no showing that its purported

costs are "necessary". Quite the contrary, a simple review of the exhibits, shows that $90,516.11 in costs for copying trial exhibits is unwarranted and unsupportable.

Specifically, Plaintiffs' trial exhibits numbered approximately 40,546 pages, and Defendants' trial exhibits numbered approximately 45,702 pages. Plaintiffs' invoices indicate they paid $0.10 a page for blow backs from the electronic system. Thus, each set of Plaintiffs' exhibits would have cost approximately $4,054.60, and each set of Defendants' trial exhibits would have cost approximately $4,570.20.

The only paper copy of trial exhibits required was the copy submitted to the Court, which would have cost Plaintiffs approximately $4,054.60.[1] Even if Plaintiffs – for their own convenience – could recover the copying costs associated with blowing back paper sets of both parties' trial exhibits, the cost to blow back one copy of each set would have been $8,624.80. With the set for the Court included, the total cost would have been $12,679.40 – less than 15% of the $90,516.11 Plaintiffs now claim as costs for the copying of trial exhibits. That is, Plaintiffs' purported costs equal more than the cost of blowing back 10 sets of each Plaintiffs' and Defendants' trial exhibits. Plaintiffs have offered no explanation as to why it would be "necessary" to blow back 10 sets of each side's trial exhibits. Nor have Plaintiffs offered any reasonable explanation to account for the additional costs apparently included herein.[2]

Plaintiffs' invoices also appear to (improperly) include copies associated with preparing demonstratives. The Fifth Circuit has held that parties cannot recover costs for trial exhibits,

---

[1] Plaintiffs appear to have submitted the original deposition exhibits as trial exhibits, and, thus, it is unclear whether they incurred copying costs associated with submitting a copy of their trial exhibits to the Court. Nonetheless, Defendants do not contest that it was necessary to submit a copy to the Court.

[2] Plaintiffs do indicate that these costs include the copies that were made for use by witnesses, the parties and the Court during trial. However, as only a very limited number of exhibits/copies were actually distributed for use during the trial, this explanation simply cannot justify the $90,516.11 in costs that Plaintiffs seek for copying purportedly associated with trial exhibits.

particularly demonstrative exhibits, without specific, pre-trial approval from the Court. *See Louisiana Power & Light*, 50 F.3d at 335. Plaintiffs did not seek or obtain pre-trial approval for demonstratives, and, therefore, cannot now seek to recover those costs.

Plaintiffs' invoices also indicate that, here again, they are attempting to recover costs other than copying, which courts have held are not recoverable under 28 U.S.C. § 1920(4). These costs include enlargement, shipping, color copies, mounting, tabs, scanning, converting, technical time, DVDs, and spiral binding. *See, e.g., Conoco*, 2006 WL 734396, at *1; *Finisar*, 2006 WL 2699732, at *2; *IEX*, 2004 WL 5698342, at *3.

As Plaintiffs failed to provide any explanation as to the purported "necessity" of these copy costs and included numerous costs which are clearly not permitted, the Court should reject, in its entirety, Plaintiffs' request for $90,516.11 in trial exhibit related copy costs. *See Maurice Mitchell*, 491 F. Supp. 2d at 689 (denying costs when Plaintiffs failed to establish the costs were "necessarily obtained for use in the case"); *Halliburton Energy*, 244 F.R.D. at 373 (same). Thus, Plaintiffs should not be permitted to recover for these costs. *See id.*

## DEPOSITION EXHIBIT RELATED COPYING

Likewise without any real explanation, Plaintiffs submit they are entitled to $25,990.52 for "copies of exhibits to be used as potential exhibits at depositions." (Bill of Costs at 6.) And, further submit that such costs include "copy charges that were incurred for purposes of taking and defending these depositions." (Browndorf Decl., ¶ 6.) A review of the materials Plaintiff submitted, however, makes clear that Plaintiffs' purported costs can not reasonably be categorized as "necessary." Plaintiffs cite no case which supports an award of copy costs, such as those sought by Plaintiffs, for deposition related copying. To the contrary, in *Finisar* the Court stated that "costs associated with converting documents to searchable pdf. for production

to another party, ... or for use at a deposition, are not allowable under the statute." *See* 2006 WL 2699732, at *2.

Moreover, Plaintiffs have made no showing of "necessity" with regards to the voluminous deposition exhibit related copying costs they now seek. In particular, Exhibit 3 to the Declaration of Matthew Pearson lists the number of pages of exhibits marked in each of the depositions taken in this matter. Of those depositions, 12,251 pages of documents were marked as exhibits in depositions Plaintiffs' noticed.[3] Recognizing that parties usually make three copies of each document for use during a deposition – one for themselves, one for the witness, and one for the opposing party – that is a total of 36,753 pages. Both parties produced documents electronically, and, as noted above, Plaintiffs paid $0.10 per page for blowbacks of electronic documents.[4] Thus, to blow back three copies of each document marked as exhibits in Plaintiffs' depositions Plaintiffs would have incurred a cost of $3,675.30 ($1,225.10 for each set) less than 15% of the total costs Plaintiffs seek.[5] Indeed, the copy costs Plaintiffs seek – $25,990.52 – equals approximately 21 copies of each document that Plaintiffs marked in the depositions they noticed. Plaintiffs have offered no explanation as to why they would need to make 21 copies of each of these documents, why more than $20,000 worth of copies of documents not marked as exhibits were "necessary," or to otherwise account for these purported costs.

---

[3] Exhibit A lists the subset of depositions (from Ex. 3 to the Pearson Declaration) that were noticed by Plaintiffs and the number of pages of exhibits for each deposition, as indicated in Plaintiffs' papers.

[4] Even if the documents were copied at a cost of $0.14, instead of blown back from their electronic system, the cost to prepare three copies of each document marked at Plaintiffs' depositions would have been $5,145.42, *i.e.*, three copies at $1,715.14 per copy set.

[5] Plaintiffs appear to have paid 7% sales tax on some, but not all, of the copies they claim were for depositions. Even assuming Plaintiffs paid 7% sales tax on all of the copies, 7% sales tax on $3,675.30 would equal $257.27 or a total of $3,932.57.

Moreover, here again, Plaintiffs improperly seek to recover related costs that courts have held are not recoverable under 28 U.S.C. § 1920(4), including slip sheets, color copies, tabs, technical time, and delivery fees. *See, e.g., Conoco*, 2006 WL 734396, at *1; *Finisar*, 2006 WL 2699732, at *2; *IEX*, 2004 WL 5698342, at *3. Thus, Plaintiffs should not be permitted to recover for these costs. *See id.*

As Plaintiffs, again, failed to provide any explanation as to the purported "necessity" of these copy costs and has included numerous costs which are clearly not permitted, the Court should reject, in its entirety, Plaintiffs' request for $25,990.52 in purported deposition exhibit related copy costs. *See Maurice Mitchell*, 491 F. Supp. 2d at 689 (denying costs when Plaintiffs failed to establish the costs were "'necessarily obtained for use in the case'"); *Halliburton Energy*, 244 F.R.D. at 373 (same).

## **CONCLUSION**

Thus, as set forth above, Plaintiffs have failed to show that the $130,709.37 they seek in copy costs are necessary, as required by statute. Indeed, many of the costs Plaintiffs seek have routinely been disallowed by courts in the Fifth Circuit. During the meet and confer, Defendants' counsel advised Plaintiffs' counsel that numerous of the costs they sought were not recoverable and further advised Plaintiffs of the costs of trial exhibits and deposition exhibit copying outlined above. Plaintiffs failed to address these issues in their filing. Thus, Plaintiffs' request for copy costs should be rejected, without leave to resubmit.

At most, Plaintiffs' costs for copying should be limited to:

- One copy of Defendants' Trial Exhibits ($4,570.20);
- Two copies of their own exhibits ($8,109.20) (one for the Court and one for their use); and

- Three copies of the documents they marked as exhibits at the depositions they noticed ($3,675.30).

Thus, the maximum total costs for copying Plaintiffs should be awarded is: $16,354.70.

Dated: February 4, 2010

/s/ David J. Beck
David J. Beck
Texas Bar No. 00000070
Beck, Redden & Secrest, L.L.P.
One Houston Center
1221 McKinney St., Suite 4500
Houston, TX. 77010
(713) 951-3700
(713) 951-3720 (Fax)
dbeck@brsfirm.com
Email: dbeck@brsfirm.com

**ATTORNEY-IN-CHARGE FOR DEFENDANTS AND COUNTERCLAIM-PLAINTIFFS ABBOTT LABORATORIES, ABBOTT BIORESEARCH CENTER, INC., AND ABBOTT BIOTECHNOLOGY LTD.**

*Of Counsel*:

Michael E. Richardson
State Bar No. 24002838
BECK, REDDEN & SECREST, L.L.P.
1221 McKinney St., Suite 4500
Houston, Texas 77010-2010
Telephone: (713) 951-3700
Facsimile: (713) 951-3720
Email: mrichardson@brsfirm.com

William F. Lee (admitted *pro hac vice*)
Anne McLaughlin (admitted *pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000
Email: william.lee@wilmerhale.com
Email: anne.mclaughlin@wilmerhale.com

William G. McElwain (admitted *pro hac vice*)
Amy Kreiger Wigmore (admitted *pro hac vice*)
Jamaica P. Szeliga (admitted *pro hac vice*)
Amanda L. Major (admitted *pro hac vice*)
Jacob S. Oyloe (admitted *pro hac vice*)
Ali Hassan Shah (admitted *pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
Email: william.mcelwain@wilmerhale.com
Email: amy.wigmore@wilmerhale.com
Email: jamaica.szeliga@wilmerhale.com
Email: amanda.major@wilmerhale.com
Email: jacob.oyloe@wilmerhale.com
Email: ali.shah@wilmerhale.com

Maria K. Vento (admitted *pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
1117 California Avenue
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100
Email: maria.vento@wilmerhale.com

Eric P. Martin (admitted *pro hac vice*)
ABBOTT LABORATORIES
Dept. 324, Bldg. AP6A-1,100
Abbott Park Road
Abbott Park, Illinois 60064-6008
Telephone: (847) 938-3887
Facsimile: (847) 938-6235
Email: eric.martin@abbott.com

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record, who are deemed to have consented to electronic service in the above-referenced case, are being served this 4th day of February, 2010 with a copy of the above-document via the court's CM/ECF System per Local Rule CV-5(a)(3).

/s/ Michael E. Richardson
Michael E. Richardson